GRIFFIN, J.
Petitioner, David W. Nottebaum, seeks a belated appeal, claiming ineffective assistance of appellate counsel. Petitioner was tried and convicted in April 2003 of trafficking in illegal drugs, twenty-eight grams or more but less than thirty kilograms, and sale of a controlled substance (oxycodone). He was sentenced to a, twenty-five year minimum mandatory term for trafficking and a concurrent term of 105.9 months for the sale.
In the direct appeal, petitioner’s appellate counsel argued that the. trial court erred in denying the motion for judgment of acquittal where the FDLE lab technician who actually performed the lab analysis of the drugs and prepared the lab report did not testify at trial. Petitioner’s convictions and sentences were per curiam affirmed. See Nottebaum v. State, 881 So.2d 1127 (Fla. 5th DCA 2004).
Petitioner now argues that his appellate counsel was ineffective for failing to argue that a fundamental error was committed when petitioner was convicted of trafficking in a Schedule I or Schedule II substance, when the evidence at trial conclusively showed that he sold a Schedule III substance. Petitioner relies on Hayes v. State, 750 So.2d 1 (Fla.1999). Petitioner acknowledges that this issue was not raised or argued at trial, but contends that the due process clause forbids convicting a person of a crime without proving all the elements and argues that such a denial constitutes fundamental error.'
In Hayes, the Florida supreme court held that only if a dosage unit or tablet contains more than fifteen milligrams of hydrocodone can the hydrocodone be considered a Schedule II drug which can be the subject of a trafficking charge. Petitioner claims that according to his independent investigation, based on a telephone call to a pharmacist, the pills in his case only contained ten milligrams of hy-drocodone. He reasons that he could not be convicted of trafficking in a Schedule II drug, even though he possessed forty of the pills.
Hayes does not.apply to his case. Effective July 1, 2001, the legislature amended sections 893.03(3) and 893.135. The legislature said that Hayes did not correctly construe legislative intent and it added a definition to provide that the weight of a controlled substance is the total weight of the mixture, including the controlled substance and any other substance in the mixture. See Ch.2001-55, § 1. Petitioner committed his crimes on September 27, 2001, after the amendment took effect. Therefore, petitioner’s appellate counsel was not ineffective. See generally Rivera v. State, 859 So.2d 495, 509-10 (Fla.2003); Fennie v. State, 855 So.2d 597, 607 (Fla.2003); Brown v. State, 846 So.2d 1114, 1128 (Fla.2003).
PETITION DENIED.
SAWAYA, C.J., and PETERSON, J., concur.