PER CURIAM.
The State appeals' the trial court’s order granting Appellee’s motion to dismiss the charge of trafficking in hydrocodone in violation of section 893.135(l)(e)l.c., Florida Statutes (2002). The trial court granted the motion based on the supreme court’s decision in Hayes v. State, 750 So.2d 1 (Fla.1999), in which the court held that the drug trafficking statute did not apply to possession of hydrocodone in amounts less than 15 milligrams per dosage unit. However, this decision was legislatively overruled as of July 1, 2001. See Laws of Florida, Ch.2001-55, §§ 1, 2; see also Nottebaum v. State, 898 So.2d 1073, 1074 (Fla. 5th DCA 2005). The information in the case before us alleges that Appellee committed the offense on August 23, 2003. Under the applicable statutes, the weight of a controlled substance is measured by the total weight of the mixture, including controlled and non-controlled substances. §§ 893.03(3)(e); 893.135(6); 893.135(7), Fla. Stat. (2003). Accordingly, the State was not required to prove that each individual dosage unit contained more than 15 milligrams of hydroco-done. We therefore reverse the trial court’s dismissal of the drug trafficking charge and remand with directions to reinstate the charge.
REVERSED and REMANDED.
ALLEN, WEBSTER and VAN NORTWICK, JJ., concur.