PER CURIAM.
We affirm the denial of appellant’s untimely motion for postconviction relief in which he claims that his 1999 conviction for trafficking in hydrocodone is invalid pursuant to Hayes v. State, 750 So.2d 1 (Fla.1999). The court in Hayes held that pills with less than 15 milligrams of hydro-codone per dosage unit were a Schedule III substance that was not subject to a trafficking charge and that the amount of hydrocodone in all the pills could not. be aggregated to meet the Schedule II amount for a trafficking charge.[1] 750 So.2d at 4-5.
In State v. Klayman, 835 So.2d 248 (Fla.2002), our supreme court determined that Hayes should be applied retroactively but set a time limit for such motions of two years from the date of the mandate in Klayman. Id. at 254 n. 13 (“Postconviction claims for relief under Hayes must be filed within two years of the date mandate issues in the present case.”). Appellant failed to file his motion within that two-year period, which closed on January 10, 2005. Even though the retroactivity analysis of Klayman was later overruled in State v. Barnum, 921 So.2d 513 (Fla.2005), the two-year period for bringing the claims permitted by Klayman had already expired. Bamum did not affect the Klay-man window. Appellant has not alleged any exception to the time bar, and we are bound by the supreme court decision.
Moreover, we conclude that there is no manifest injustice in denying Hayes relief in this case or in denying appellant’s very untimely claims that counsel was ineffective in failing to advise him about this issue during his original plea proceedings or at the violation of probation proceedings. The claim that the 1999 plea was to a “non-existent offense” is without merit. Trafficking in hydrocodone has remained an offense throughout the relevant period. § 893.135(l)(c)l.c., Fla. Stat. (1999). Appellant’s claim that the pills in his case did not qualify for a trafficking offense under Hayes is an untimely challenge to the factual basis for the plea.
*426 In addition, appellant pleaded guilty to trafficking in hydrocodone as part of an agreement where the state dropped eight other charges of obtaining a controlled substance by fraud. He thus obtained a substantial benefit from his plea deal. He was placed on probation — which he repeatedly violated but which was twice reinstated — and ultimately absconded and was not arrested again until five years later. Assuming that the first-degree felony trafficking charge was improper, appellant still faced up to forty years in prison for his conduct. Appellant ultimately received a sentence of fifteen years in prison which was a departure from the twenty-five-year mandatory minimum and was well within the sentence he could have received had he pleaded to the eight counts of obtaining by fraud, which, according to the probable cause affidavit, he admitted. Even if he were entitled to withdraw his plea based upon Hayes, the state would be entitled to pursue the dropped charges, and he would still be subject to significant penalties. Upon this record, we do not conclude that a manifest injustice has occurred. See, e.g., State v. McBride, 848 So.2d 287, 292-93 (Fla.2003).
WARNER, DAMOORGIAN and LEVINE, JJ., concur.

. In 2001, the Florida Legislature passed Chapter 2001-55, § 1, Laws of Florida (effective July 1, 2001), which added language to section 893.03(3) and created 893.135(6), Florida Statutes, clarifying that, for purposes of a trafficking charge, the weight of the controlled substance per dosage unit is irrelevant and that "the weight of the controlled substance is calculated by aggregating the total weight of each mixture.” See Nottebaum v. State, 898 So.2d 1073 (Fla. 5th DCA 2005).